Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001007
15-JUL-2014
08:36 AM

NO. CAAP-12-0001007

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WILLIAM A. KERNSTOCK, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-12-03599)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant William Alan Kernstock (Kernstock) appeals from the judgment of conviction and sentence for Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61 (Supp. 2011) and Excessive Speeding in violation of HRS § 291C-105(a)(1) (2007) entered by the District Court of the First Circuit, 'Ewa Division, (District Court) on October 16, 2012.[1]

On appeal, Kernstock argues that the District Court erred in:  (1) denying his motion to suppress the results of the breath test because he was asked while in custody whether he wanted to incriminate himself in the petty misdemeanor offense of refusing to take an alcohol test without being read his Miranda rights; (2) denying his motion to suppress the results of the breath test because he was misinformed of his statutory right to

---

[1]    The Honorable Paul B.K. Wong presided.

an attorney; (3) denying his motion to suppress the results of the breath test when the police informed him that he "shall" be subject to thirty days in jail for refusing; and (4) failing to grant his motion for acquittal due to the State's failure to lay an adequate foundation for evidence from the speed gun.

After a careful review of the issues raised and the arguments made by the parties, the record and the applicable authority, we resolve Kernstock's issues on appeal as follows:

Kernstock's first three issues regarding the admission of his breath-alcohol test results were raised, on similar facts, in State v. Yong Shik Won, --- Hawai'i ---, ---P.3d. ---, No. CAAP-12-0000858, 2014 WL 1270615 (App. Mar. 28, 2014, amended May 2, 2014), in which we rejected the same arguments. Based on Won, we conclude that the District Court properly denied Kernstock's motion to suppress.

Kernstock also argues that there was insufficient foundation for the admission of the reading from the Laser Technology Incorporated (LTI) laser speed gun because there was no evidence the operating officer was trained directly by LTI, the manufacturer, the manual used in the officer's training was an HPD manual and not from the manufacturer, there was no indication of how many hours the officer was trained, and no indication of what the manufacturer's training requirements were. Given the foundational requirements most recently articulated in State v. Amiral, 132 Hawai'i 170, 319 P.3d 1178 (2014), we agree with Kernstock that the operating officer's testimony as to his training was insufficient to "lay an adequate foundation for the introduction of the laser gun reading, and thus the trial court erred in admitting the speed reading into evidence." Id. at 179, 319 P.3d at 1187. Therefore, consistent with the Hawai'i Supreme Court's mandate in Amiral, we vacate Kernstock's conviction for Excessive Speeding and remand that count for further proceedings. Id. at 180, 319 P.3d at 1188.

Therefore, the October 16, 2012 Judgment of the District Court of the First Circuit, 'Ewa Division is affirmed in

2

part and vacated in part. The conviction for OVUII is affirmed and the conviction for Excessive Speeding is vacated and remanded for further proceedings.

DATED: Honolulu, Hawai'i, July 15, 2014.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Presiding Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge